**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 08:50 AM February 11, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| BRADLEY SCOTT WILLIS AND | ) | CASE NO. 19-41567 |
| MELISSA RENEE WILLIS, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

     This case is before the court following two denials of confirmation, a claim objection, and a motion to determine property value.

     The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

     This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors filed a joint chapter 13 case on August 24, 2019. On September 2, 2019, they filed a chapter 13 plan. The plan includes a claim in section 3.2 subject to valuation under 11 U.S.C. § 506. Debtors propose to pay Prestige $4,000.00 secured at 7.25% on a $9,543.00 claim on an auto.

Initially, Debtors did not serve the plan. After receiving a notice of deficiency from the court, they filed a notice of the plan, and served the plan, to Prestige[1] at 351 West Opportunity Way, Draper, UT 84020.

Prestige filed a proof of claim on September 26, 2019. The total debt is $10,123.33 and Prestige's proof of claim states the claim is fully secured, payable at 19.99% interest.

On October 2, 2019, Debtors filed an amended plan. It proposes the same treatment to Prestige. Again, Debtors failed to serve the plan, received a deficiency notice from the court, and then served Prestige at the address above. Debtors filed their Second Amended Chapter 13 Plan on October 18, 2019 with no change to Prestige's treatment. After another deficiency notice, Debtors served Prestige as they had done previously.

Following withdrawal of the chapter 13 trustee's objection to confirmation, the trustee submitted a confirmation order. After reviewing the plan and service, the court denied confirmation, finding "Debtors did not serve the amended plan as required by Bankruptcy Rules 3012(b) and 7004." It provided time for Debtors to cure the problem, which they attempted on December 4, 2019, by serving Prestige in exactly the same way. The court denied confirmation again on December 27, 2019.

Debtors have not taken steps to cure the service issue but instead have filed an amended objection to the Prestige claim to reduce the interest rate from 19.99% in the claim to the 7.25% specified in the plan. They also filed a motion to determine value in order establish the secured value of the 2009 Kia Sedona at $4,000.00. No objections have been filed.[2]

## DISCUSSION

### I. Service under Bankruptcy Rules 3012(b) and 7004

Section 3.2 of the national form plan provides a mechanism for a debtor to "cramdown" secured debts through the plan. When done properly, the confirmation order will establish the value of the lien as set forth in the plan, payable at the interest rate set forth in the plan, and any balance remaining on the claim is paid as a general unsecured claim at 0% interest. In re Longwell, Case No. 18-41862 (Bankr. N.D. Ohio Mar. 18, 2019) Service is a key element of

---

[1] Claimant identifies itself as Prestige Financial ("Prestige") in proof of claim 10-1. It is listed as Prestige Financial Services, Inc. with the Ohio Secretary of State.
[2] The objection deadline on the amended objection to claim does not expire until March 15, 2020.

valuing a lien through the plan.   When a valuation request is made through a plan, "the plan shall be served on the holder of the claim and any other entity the court designates in the manner provided for service of a summons and complaint by Rule 7004."   Fed.R.Bankr.Pro. 3012(b).

As set forth in Rule 7004, service "upon a domestic or foreign corporation" is accomplished "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."[3]   Debtors' certificates of service were rejected because they were not directed to an officer or the like, nor were they sent to Prestige's registered service agent.   A search of the Ohio Secretary of State's website indicates Prestige's registered agent is Registered Agent Solutions, Inc., 4568 Mayfield Rd., Suite 204, Cleveland, OH   44121.   Debtors' failure to comply with the applicable service requirements renders the cramdown ineffective, leading the court to deny confirmation.

## II.     End-running the plan with separate pleadings

Instead of determining how to serve Prestige, and avoid another denial of confirmation, Debtors filed two separate pleadings to accomplish what could be done through a confirmation order.   They filed a claim objection to reduce the interest rate and a motion to determine value to set the secured value of the car at $4,000.00.   Neither of these is necessary,[4]  creating unnecessary work.   The court will therefore reject both outright.   Debtors must accomplish the interest rate reduction and valuation through the plan.   Debtors will therefore have to properly serve and notice their amended plan in accordance with Rule 3012(b).

## **CONCLUSION**

Debtors must use the mechanism provided by the national form plan to value the section 3.2 claim on their automobile.   In order to do so, they must properly serve and notice the plan to the affected creditor.   This requires service pursuant to Bankruptcy Rules 3012(b) and 7004.   Further, Debtors cannot end-run the plan by filing separate pleadings.   The plan provides for valuation of the claim and reduction of the interest rate.   Separate pleadings to accomplish the same are inefficient.   The court will not consider motions to determine value and claim objections for these purposes.

Debtors' amended claim objection is overruled and their motion to determine value.  Debtors have twenty-one days to properly serve and notice their amended plan.   A separate order will be issued immediately.

#       #       #

---

[3] A special rule applies for insured depository institutions, including banks.   Fed.R.Bankr.Pro. 7004(h).
[4] See In re Miller, Case No. 18-41588 (Bankr. N.D. Ohio Feb. 5, 2019) and Longwell, supra; Judge Kendig's Memo re:   Chapter 13 mortgage and lien avoidance (Bankr. N.D. Ohio July 24, 2018), available at https://www.ohnb.uscourts.gov/sites/default/files/memoranda/memo-7.20.18.pdf

**Service List:**

Peter Horvath
PO Box 501
38294 Industrial Park Road
Lisbon, OH 44432-0471

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505